# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:17-CV-190-DSC

| | |
|---|---|
| ETTORE SCIALPI,<br>      Plaintiff,<br><br>      vs.<br><br>NANCY A. BERRYHILL,<br>**Acting Commissioner of Social**<br>**Security Administration,**<br>      Defendant. | )<br>)<br>)<br>)    **MEMORANDUM AND ORDER**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I.   PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on October 25, 2017. He assigns error to the

Administrative Law Judge (ALJ)'s evaluation of his Residual Functional Capacity ("RFC"),[1] and specifically to his evaluation of the opinion from non-examining physician Dr. Girija Padmanabh. See Plaintiff's "Memorandum ..." at 4-13 (document #14).

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

---
[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" as that term is defined for Social Security purposes.[2]

The ALJ found that Plaintiff had the RFC to perform medium work with two additional limitations – "he can sit, stand, or walk for 6 hours in an 8-hour workday, each for one hour at a time, before a brief break to stretch and return to task; and, he should avoid concentrated exposure

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

to vibrations." (Tr. 14). Based upon this RFC, the ALJ found that Plaintiff could perform his past work as a shuttle bus driver and was not disabled. (tr. 17).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

The Fourth Circuit has held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. It is only after that function-by-function analysis has been completed that RFC may "be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

Plaintiff challenges the ALJ's evaluation of Dr. Padmanabh's opinion. After reviewing

the medical records, Dr. Padmanabh opined that Plaintiff could perform "light work" with additional postural limitations allowing him to crawl only occasionally, climb ramps/stairs/ladders/ropes/scaffolds frequently, stoop frequently and crouch frequently. (Tr. 80.) He should also avoid concentrated exposure to extreme cold, as well as hazards such as machinery and heights. (Tr. 80-81.) Defendant does not dispute that an RFC with these limitations would preclude Plaintiff's past work.

The ALJ accorded partial weight to Dr. Padmanabh's opinion after applying the regulatory factors. (Tr. 15-16; 79-81). As the ALJ correctly identified, Dr. Padmanabh is a non-examining State agency consultant who is considered a highly qualified physician and an expert in the evaluation of disability claims. (Tr. 15). 20 C.F.R. §§ 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"); 404.1527(e)(2)(i) (ALJ is not bound by the opinions of State agency medical consultants, and that State agency medical consultants are "experts in Social Security disability evaluation"). The ALJ noted that the opinion was based on Dr. Padmanabh's review of the medical records. (Tr. 15). The ALJ accurately summarized the opinion and found that it was consistent with the overall medical evidence of record that Plaintiff has severe lumbar degenerative disc disease that affects his ability to lift, carry, sit stand, walk, and tolerate certain workplace environments. (Tr. 15). However, the ALJ also found that the record did not support the extent of limitation in those areas. (Tr. 15). The ALJ specifically noted that the record did not demonstrate evidence of back pain upon examination that would necessitate the postural restrictions found by Dr. Padmanabh. (Tr. 15-16). The ALJ came to these conclusions after consideration of the entire record. His analysis supports his conclusion that the evidence supports some limitations but not to

the extent opined by Dr. Padmanabh. The ALJ's determination rests on substantial evidence.

To the extent that Plaintiff is challenging the ALJ's credibility determination, the Court finds that the ALJ applied the correct legal standard and his credibility determination is supported by substantial evidence. Substantial evidence supported the ALJ's conclusion that Plaintiff's symptoms were not as disabling as alleged.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57. Substantial evidence exists to support the ALJ's assessment of the medical record, Plaintiff's credibility, and his ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiff's "Motion For Summary Judgment" (document #13) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: June 22, 2018

David S. Cayer
United States Magistrate Judge